**FILED**
**U.S. District Court**
**District of Kansas**
05/06/2026
**Clerk, U.S. District Court**
By:__SND__ **Deputy Clerk**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AHMAD BEY,

      **Plaintiff,**

      v.                       **CASE NO. 26-3117-JWL**

TYLER CLARK, et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this civil rights action on March 17, 2026, in the District Court of Butler County, Kansas.  (Doc. 1–1.)  The matter was removed to this Court on May 5, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446.  (Doc. 1.)  Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas.

Plaintiff filed this action in state court, and Defendants removed the action to this Court. Because Plaintiff is a prisoner and his complaint seeks redress from a governmental entity or officer or employee of a governmental entity, it is subject to screening under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The Court shall review . . . as soon as practical after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also Crosby v. U.S. Attorney's Office*, 2020 WL 1271825, at *3 (D. Kan. 2020) (screening amended complaint after removal from state court); *King v. Hill*, 2022 WL 1185124, at *3 (S.D. Ill. 2022) (finding that claims properly removed to the federal court were subject to screening under Section 1915A); *Biron v. Carvajal*, 2021 WL 3047250, at *35 (D. Minn. 2021) (stating that "the Court agrees with Defendants that cases removed from state court are subject to screening under § 1915A" and "courts in this District have

done so"); *Johnson v. Bedwell*, 2017 WL 4539918, at *1 (S.D. Ind. 2017) ("Although the filing fee was paid at the time this action was removed to this Court, this action is still subject to screening under 28 U.S.C. § 1915A.").

On April 17, 2026, Plaintiff filed a Second Amended Petition in state court. (Doc. 1–1, at 180.) The Court will refer to it as the "Second Amended Complaint." The Court stays the answer deadline pending this Court's screening of Plaintiff's Second Amended Complaint under § 1915A. The Court will enter an order after screening is complete.

Prior to the removal of the case to this Court, Plaintiff filed various motions in state court. Although the state court denied Plaintiff's motions seeking temporary restraining orders, the state court deferred ruling on Plaintiff's motions seeking preliminary injunctions. Plaintiff also filed Plaintiff's Pro Se Motion to Recognize Power of Attorney and Appoint Agent for Limited Assistance. (Doc. 1–1, at 245–250.) In the motion, Plaintiff asks the state court to allow his wife to assist him with filing pleadings, receiving pleadings, communicating with the court, etc. Because Plaintiff is housed at a Kansas Department of Corrections facility, he will now have access to mandatory electronic filing with this Court. Anyone, including Plaintiff's wife, can reach out to the Court to inquire about the status of a case. Because it is not clear that Plaintiff will still need the same assistance now that his case is subject to mandatory electronic filing, the Court denies the motion without prejudice to refiling it if he encounters difficulties in the future.

Plaintiff also filed a Motion to Set Hearing on Pending Motions for Preliminary Injunction, seeking to schedule a hearing on his motions for preliminary injunctions. (Doc. 1–1, at 265–66.) The Court does not find that a hearing is necessary at this time. Therefore, the Court denies the motion without prejudice. However, the Court will grant Defendants an opportunity to respond to the pending motions for preliminary injunctions. Although the Court is staying the deadline to

2

answer the Second Amended Complaint, Defendants may respond to the pending motions for preliminary injunctions.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Pro Se Motion to Recognize Power of Attorney and Appoint Agent for Limited Assistance (Doc. 1–1, at 245–250), and Motion to Set Hearing on Pending Motions for Preliminary Injunction (Doc. 1–1, at 265–66) are **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendants are granted the opportunity to respond to Plaintiff's pending motions for preliminary injunctions by **May 20, 2026.**

**IT IS FURTHER ORDERED** that the deadline for Defendants to answer or otherwise respond to the Second Amended Complaint is **stayed** pending further order of the Court.

**IT IS SO ORDERED**.

**Dated May 6, 2026, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**