IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
08/14/2026
Clerk, U.S. District Court
By: JAL Deputy Clerk

**AHMAD BEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3117-JWL**

**TYLER CLARK, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this civil rights action on March 17, 2026, in the District Court of Butler County, Kansas. (Doc. 1–1.) The matter was removed to this Court on May 5, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas, his claims arose during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On July 6, 2026, the Court screened Plaintiff's Second Amended Complaint (Doc. 1–1, at 180) and entered a Memorandum and Order to Show Cause (Doc. 33) ("MOSC") granting Plaintiff until August 6, 2026, in which to show good cause why his claims should not be dismissed or to file a complete and proper third amended complaint to cure all the deficiencies. Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC that: 1) Plaintiff's claims in Counts I and II alleging a due process violation based on the confiscation of his personal property at EDCF are subject to dismissal because deprivations of property do not deny due process as long as there is an adequate post-deprivation remedy and Kansas prisoners have an adequate state post-deprivation remedy; 2) Plaintiff's First Amendment claim and claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (42 U.S.C. § 2000cc *et seq.*) in Count III are subject to dismissal because Plaintiff has failed to show a substantial burden on his religious exercise; 3) Plaintiff's court access

claim in Count IV is subject to dismissal for failure to show an actual injury; 4) Plaintiff has failed to show that his mail from Mrs. Bey meets the definitions in K.A.R. 44-12-601(a)(1) and Plaintiff has failed to allege a due process violation regarding visitation; 5) Plaintiff's replevin claim in Count V appears moot based upon the return of his property, and regardless of the merits to any claim under the statute, Plaintiff is seeking to enforce a state statute and this Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal (citing 28 U.S.C. § 1367(c)(3)); 6) Plaintiff's equal protection claim in Count VI fails to allege that any other inmates were similarly situated in every material respect; and 7) Plaintiff's claims of retaliation are speculative and subject to dismissal for failure to allege adequate facts in support of the claims.

The MOSC orders Plaintiff to show good cause why Plaintiff's claims should not be dismissed for the reasons stated in the MOSC, and grants Plaintiff an opportunity to file a complete and proper third amended complaint to cure all the deficiencies discussed in the MOSC. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice." (Doc. 33, at 26.) Plaintiff has failed to respond to the MOSC by the Court's deadline and has failed to show good cause why this case should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated August 14, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**