FILED
U.S. District Court
District of Kansas
09/17/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**AHMAD BEY,**

**Plaintiff,**

**v.** **CASE NO. 26-3117-JWL**

**TYLER CLARK, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff filed this civil rights action on March 17, 2026, in the District Court of Butler County, Kansas. (Doc. 1–1.) The matter was removed to this Court on May 5, 2026, pursuant to 28 U.S.C. §§ 1441 and 1446. (Doc. 1.) Although Plaintiff is currently incarcerated at the Lansing Correctional Facility in Lansing, Kansas ("LCF"), his claims arose during his incarceration at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). On July 6, 2026, the Court screened Plaintiff's Second Amended Complaint (Doc. 1–1, at 180) and entered a Memorandum and Order to Show Cause (Doc. 33) ("MOSC") granting Plaintiff until August 6, 2026, in which to show good cause why his claims should not be dismissed or to file a complete and proper third amended complaint to cure all the deficiencies. Plaintiff failed to respond by the Court's deadline, and on August 14, 2026, the Court entered a Memorandum and Order (Doc. 34) ("M&O") dismissing this matter for failure to state a claim. This matter is before the Court on Plaintiff's Moton for Relief from Judgment (Doc. 36) filed on September 16, 2026. Plaintiff also filed a Notice of Appeal (Doc. 37) on the same day.

The Court found in the MOSC that: 1) Plaintiff's claims in Counts I and II alleging a due process violation based on the confiscation of his personal property at EDCF are subject to dismissal because deprivations of property do not deny due process as long as there is an adequate

post-deprivation remedy and Kansas prisoners have an adequate state post-deprivation remedy; 2) Plaintiff's First Amendment claim and claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (42 U.S.C. § 2000cc *et seq.*) in Count III are subject to dismissal because Plaintiff has failed to show a substantial burden on his religious exercise; 3) Plaintiff's court access claim in Count IV is subject to dismissal for failure to show an actual injury; 4) Plaintiff has failed to show that his mail from Mrs. Bey meets the definitions in K.A.R. 44-12-601(a)(1) and Plaintiff has failed to allege a due process violation regarding visitation; 5) Plaintiff's replevin claim in Count V appears moot based upon the return of his property, and regardless of the merits to any claim under the statute, Plaintiff is seeking to enforce a state statute and this Court is not obliged to exercise supplemental jurisdiction over any state law claims, even if valid, given that Plaintiff's federal constitutional claims are subject to dismissal (citing 28 U.S.C. § 1367(c)(3)); 6) Plaintiff's equal protection claim in Count VI fails to allege that any other inmates were similarly situated in every material respect; and 7) Plaintiff's claims of retaliation are speculative and subject to dismissal for failure to allege adequate facts in support of the claims.

The MOSC ordered Plaintiff to show good cause why Plaintiff's claims should not be dismissed for the reasons stated in the MOSC, and granted Plaintiff an opportunity to file a complete and proper third amended complaint to cure all the deficiencies discussed in the MOSC. The MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice." (Doc. 33, at 26.) Plaintiff failed to respond to the MOSC by the Court's deadline and failed to show good cause why this case should not be dismissed for the reasons set forth in the MOSC.

Plaintiff has filed a Motion for Relief from Judgement under Fed. R. Civ. P. 60(b)(1) and (b)(6). "Federal Rule of Civil Procedure 60(b) permits a district court to grant relief from a final

judgment in limited circumstances." *Blom Bank SAL v. Honickman*, 605 U.S. 204, 206 (2025). Rule 60(b) provides in relevant part that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and (b)(6). A Rule 60(b) motion provides extraordinary relief which "may only be granted in exceptional circumstances." *Amoco Oil Co. v. United States Environmental Protection Agency,* 231 F.3d 694, 697 (10th Cir. 2000); *see also Servants of the Paraclete v. Does,* 204 F.3d 1005, 1009 (10th Cir. 2000).

In his motion, Plaintiff alleges "excusable neglect" under Rule 60(b)(1), arguing that he was unable to respond to the MOSC because the Kansas Department of Corrections "imposed a total communication blackout that prevented Plaintiff from preparing and filing his amended complaint." (Doc. 36, at 1.) Plaintiff claims that the communication blackout was between Plaintiff and his wife, "who is his designated legal assistant and licensed private investigator."[1] *Id*.

To determine whether neglect is excusable, courts take "'account of all relevant circumstances surrounding the party's omission,'" including "'the danger of prejudice to the [opposing party], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Jennings v. Rivers*, 394 F.3d 850, 856 (10th Cir. 2005) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "Fault in the delay remains a very important factor—perhaps the most important single factor—in determining

[1] The Court noted in the MOSC that Defendants stated in their response to Plaintiff's request for injunctive relief that:

> Ms. Bey is a former employee of Centurion Health Services, the contract medical and behavioral health provider for the KDOC. Ms. Bey worked at the Hutchinson Correctional Facility (HCF) in Reno County, Kansas, until her employment at HCF ended in February of 2025, when she was removed from the facility after admitting to an ongoing personal romantic relationship with Plaintiff. When her employment with KDOC ended, Janie Bey was known by the name Janie Cage.

Doc. 33, at 19–20 (citing Doc. 4, at 9).

whether neglect is excusable." *Id.* at 856–57 (citation and quotation marks omitted). "An additional consideration is whether the moving party's underlying claim is meritorious." *Id*. at 857 (citation omitted).

The Court found in the MOSC that Plaintiff's claims are subject to dismissal. The Court also finds that Plaintiff is at fault for the delay. Although Plaintiff claims that the "communication blackout" with his wife prevented him from meeting the Court's deadline in the MOSC, he does not explain why he was unable to request an extension of time without corresponding with his wife or why he needed a private investigator to respond to the deficiencies noted in the MOSC. In fact, he distinguishes the need for his wife's assistance in pursuing his state habeas case with the ability to pursue this case without her assistance. *See* Doc. 36–1, at 8 ("Plaintiff's ability to file this § 1983 action, which he drafted himself based on his own personal knowledge of his conditions of confinement, is legally and factually distinct from his ability to prepare his K.S.A. 60-1507 post-conviction motion. The latter requires extensive factual investigation into the underlying criminal proceedings—events that occurred years ago and outside the prison walls—which is legally impossible for Plaintiff to conduct himself."). He also acknowledges in his attached Affidavit that he "had fully prepared the Third Amended Complaint and the Motion for POA Recognition[2] before the deadline, but [he] was prevented from filing them solely due to the unconstitutional communication blockade created and enforced by Defendants." (Doc. 36–2, at 2.)

[2] The Court denied Plaintiff's previous Pro Se Motion to Recognize Power of Attorney and Appoint Agent for Limited Assistance (Doc. 1–1, at 245–250). In denying the motion, the Court found that:

> In the motion, Plaintiff asks the state court to allow his wife to assist him with filing pleadings, receiving pleadings, communicating with the court, etc. Because Plaintiff is housed at a Kansas Department of Corrections facility, he will now have access to mandatory electronic filing with this Court. Anyone, including Plaintiff's wife, can reach out to the Court to inquire about the status of a case. Because it is not clear that Plaintiff will still need the same assistance now that his case is subject to mandatory electronic filing, the Court denies the motion without prejudice to refiling it if he encounters difficulties in the future.

(Doc. 3, at 2.)

Plaintiff fails to set forth a credible reason why his lack of communication with his wife prevented him from seeking an extension of time or from filing his Third Amended Complaint that was fully prepared before the Court's deadline. The KDOC facility where he is housed requires mandatory electronic filing with the Court. Inmates submit documents to staff for electronic filing. Since this case was removed to this Court, Plaintiff has electronically filed 13 documents in this case, including his instant motion under Rule 60 and a Notice of Appeal filed on September 16, 2026.[3] Plaintiff has failed to show that relief is warranted under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect.

Plaintiff has also failed to show that exceptional circumstances warrant relief under Rule 60(b)(6). The catchall provision in Rule 60(b)(6) "allows a district court to relieve a party from a final judgment for 'any other reason that justifies relief.'" *Blom*, 605 U.S. at 206. The Supreme Court has "consistently held that only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall." *Id*. The Supreme Court in *Blom* held that "this rigorous standard applies when a Rule 60(b)(6) movant seeks to reopen a case for the purpose of filing an amended complaint." *Id*. "[A] party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply." *Id*. at 210.

The Supreme Court in *Blom* noted that although a district court may not dilute Rule 60(b)(6)'s stringent standard by balancing it with Rule 15(a)'s liberal pleading principles, nothing in its analysis "should be taken to suggest that a district court contravenes Rule 60(b) merely by *considering* a movant's desire to amend his complaint." *Id*. at 214. "For example, where a party seeks vacatur in order to amend its pleadings, a district court is free to cite Rule 15

[3] *See* Docs. 5, 6, 7, 8, 9, 10, 28, 29, 30, 31, 32, 36, and 37. The gap in numbering is due to the Court docketing pleadings from the state court docket at Docs. 11 through 27.

and acknowledge amendment-related considerations, such as whether a movant has had the opportunity to amend, and the amendment standard that the party will eventually have to meet if the Rule 60(b) motion is granted." *Id.*

Plaintiff already amended his Complaint once when he filed a Second Amended Petition in state court. *See* Doc. 1–1, at 180. Although the Court granted him an opportunity to file a third amended complaint to cure the deficiencies noted in the MOSC, his proposed Third Amended Complaint does not cure the deficiencies.

Plaintiff has dropped his property and religious exercise claims in his proposed Third Amended Complaint. However, he continues to allege retaliation and points to the March 4, 2026 confiscation of his property to support his retaliation claim. (Doc. 36–1, at 5.) The Court found in the MOSC that Plaintiff alleged that the real reason that his property was confiscated was due to his failure to accept a cellmate as set forth in an "internal guideline." (Doc. 33, at 2–3.) The Court also cited Defendants' response stating that "Plaintiff was transferred to LCF on April 14, 2026, and his personal property [was] returned to him upon accepting a cellmate." *Id.* at 7 (citing Doc. 4, at 4–7.) The Court found that "[i]t appears that all of Plaintiff's property that was confiscated has been returned . . . and [h]e now argues that his television is broken, and he has not received a book that he ordered. . . Plaintiff should utilize the administrative grievance procedures regarding his book and the repair or replacement of his television." *Id.* at 10.

Plaintiff has also set forth a new freedom of association claim based on a "total ban on all forms of communication and visitation with Plaintiff's wife." (Doc. 36–1, at 7.) Plaintiff claims that he is not challenging the Court's finding that correspondence with Mrs. Bey does not qualify as legal mail, and is instead challenging the "total ban on all communication, including ordinary, non-privileged mail." *Id.* at 9–10. Plaintiff claims that since this Court's July 6, 2026 MOSC, "prison officials escalated their retaliatory conduct by imposing a total communication blackout

between Plaintiff and Mrs. Bey." Doc. 36, at 2; *see also* Doc. 36–1, at 1–3 (proposed Third Amended Complaint describing the acts of each Defendant and failing to allege that any named EDCF Defendant is responsible for a total blackout of communication.) In his affidavit, Plaintiff declares that his communication by mail, phone, and tablet has been blocked since approximately July 1, 2026. (Doc. 36–2, at 1–2.) The claims in this case are based on events occurring at EDCF and the named Defendants are staff at EDCF. To the extent Plaintiff alleges that he is now being denied total communication with his wife while housed at LCF, he must bring a claim against the staff involved after he has exhausted his administrative remedies for this claim.

Plaintiff also attempts to save his court access claim by claiming that the actual injury is the clock ticking on his deadline to file a state habeas action. (Doc. 36–1, at 5–6.) However, he acknowledges that the time has not run, and he estimates his deadline to be April 29, 2027. *Id*. at 6. The Court held in the MOSC that "Plaintiff has not alleged that he is unable to timely pursue a K.S.A. 60-1507 action." (Doc. 33, at 14); *see also Butler v. Becker*, 2020 WL 1528501, at *3 (D. Kan. 2020) (finding no injury from delay in mail where it did not qualify as "legal mail" and "[t]he allegations in the Complaint do not show that Defendants' alleged actions caused Plaintiff to miss any court deadline, have any legal claim dismissed, or lose the ability to pursue any particular defense").

Plaintiff also re-asserts an equal protection claim arguing that other inmates are not subjected to total communication and visitation bans with their outside investigators "even when those investigators had prior connections to KDOC." *Id*. at 10–11. Plaintiff has not pointed to any specific inmate, fails to allege that any inmate is similar in all material respects, and claims that discovery is needed to identify comparators. *Id*. at 11. Plaintiff has failed to show that any inmate is similarly situated. Plaintiff is seeking communication with a former employee of a

KDOC contractor that was terminated after acknowledging a romantic relationship with Plaintiff while he was an inmate.

Even considering amendment-related considerations as set forth in *Blom*, the Court finds that Plaintiff has failed to show extraordinary circumstances warranting relief from the Court's judgment. Plaintiff's motion for relief from judgment is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Relief from Judgment (Doc. 36) is **denied.**

**IT IS SO ORDERED**.

**Dated September 17, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**